**SO ORDERED.**
**SIGNED this 11th day of March, 2016**

*Shelley D. Rucker*
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jerry Howard Bowman | ) | No. 4:15-bk-15401-SDR |
| Janet Lynn Bowman | ) | Chapter 13 |
| | ) | |
| Debtors | ) | |

### MEMORANDUM AND ORDER

The motions to extend the automatic stay as to South Central Tennessee Development District ("SCTDD") and Heritage South Community Credit Union ("Credit Union") came on for hearing on March 7, 2016, counsel for the debtor and both creditors appearing. The motion relating to SCTDD also included a request for turnover of equipment.

SCTDD has filed a claim for $33,877.79 secured by the debtor's equipment including a 2011 John Deere Gator vehicle, a Skid Steer Loader with attachments, and a 2000 Ford F5D Pickup Truck. SCTDD has possession of the equipment.

The Credit Union has a lien on the real property on which the debtor has operated his business.

The debtor previously filed a chapter 13 which was dismissed for nonpayment on November 17, 2015, Case no.4:14-bk-13163. The debtor refiled this case on December 10, 2015. The court has been extending the stay until the court could hear the creditors' objections. The

debtor is seeking the court to impose the stay to enable the debtor to conduct an auction sale for the benefit of the creditors which is scheduled for April. The Credit Union expressed its objection to the extension of the stay on the basis that its claim greatly exceeded the value of the real property and that a sale was unlikely to bring sufficient value. The Credit Union's payoff is $409,324. The testimony at the hearing by the debtor and the proposed auctioneer was that the property would bring approximately $300,000 to $350,000 and that there would be a reserve at the auction of $325,000.

SCTDD objected to extension of the stay because it had already gone to the expense of repossessing the equipment after the last dismissal. SCTDD's representative testified that the Credit Union had planned to auction the equipment through an online service that disposed of excess government property and through which they had liquidated other collateral. He also testified that he believed that the value of the collateral was approximately worth what was owed on it and that his auction service took a 10% commission.

The debtor testified that the equipment and property were likely to bring more if they were sold together. A return of the equipment would also allow the debtor to put the property in the best condition for a sale. His auctioneer also testified that a live auction would bring more than an online auction. His commission would be 6% if he could auction both the equipment and the real estate and 10% if only the equipment. He also testified that if he could get the approval he would plan on conducting the sale on April 23, 2016.

Based on the testimony at the hearing, the argument of counsel and the record in this case, the court orders that the stay will be extended nunc pro tunc for the period February 1, 2016, to May 2, 2016, under the following conditions:

1. The debtor shall provide proof of insurance to SCTDD for the equipment and upon receipt of such proof, SCTDD shall turnover the equipment to the debtor. The court finds that interest of SCTDD is adequately protected by the value of the collateral and should that value not be sufficient to pay SCTDD in full, SCTDD may be entitled to a superpriority claim under 11 U.S.C. § 507(b) for any deficiency.

2. The equipment shall remain on the property located at 2423 Highway 41A, Shelbyville, Tennessee, until the auction is conducted and shall be used solely in the preparation of the real property for sale or to dispose of inventory remaining on the property.

3. The debtors and SCTDD shall work with the auctioneer to set a reasonable reserve on the equipment for the auction. Should the parties not be able to agree, any party may request a telephonic hearing on two business days' notice and the court will conduct a hearing to set a reserve.

4. The debtor shall proceed to conduct an auction sale of the real property and the equipment on or before May 1, 2016; and may seek expedited approval of an auctioneer. The

real property shall have a reserve price of $325,000.

     5. Because both creditors are entitled to set a reserve price, the court finds that allowing the parties to credit bid may unduly chill the bidding and/or create additional administrative expenses which the estate may have no ability to pay in the event that the auction is not successful. Therefor the court will not allow the creditors to credit bid at the auction.

     6. Should the debtor fail to comply with any provision of this order, the creditor may request an emergency hearing seeking relief from this order.

# # #